IAMELE & IAMELE LLP

*Attorneys at Law*

Domenic R Iamele (MD)
driamele@iamelelaw.com

Anton L Iamele (MD, DC, & CO)
aiamele@iamelelaw.com

Alyssa Abramat Lamardo (MD)
aabramat@iamelelaw.com

August 31, 2026

VIA CM/ECF
The Honorable Ellen L. Hollander
United States District Court for the District of Maryland
101 West Lombard Street
Chambers 5B
Baltimore, Maryland 21201

Re: *Verna Gregg v. Eric Strawderman*
Case No. 1:23-cv-02270

Dear Judge Hollander:

Please accept this letter in response to the Court's Letter Order dated August 24, 2026. Plaintiff's counsel apologizes for submitting the proposed Pretrial Order without a joint submission from the parties. The unilateral filing was not intended to disregard the Court's directive or counsel's obligation to confer and cooperate in preparing pretrial submissions. Rather, it resulted from the circumstances described below, together with counsel's effort to ensure that a proposed Pretrial Order was before the Court within the applicable schedule.

As the Court is aware, Magistrate Judge Crawford conducted a settlement conference on Friday, July 24, 2026. Although the conference did not result in a resolution, at its conclusion Mr. Allen advised that he intended to present the matter to the settlement committee, with the expectation that efforts to resolve the matter might resume thereafter. That internal review process took more time than anticipated. On August 3, 2026, Mr. Allen contacted Judge Crawford regarding the status of Baltimore County's internal evaluation and advised that the contemplated review had not yet occurred.

During the same period, I communicated with Mr. Allen in an effort to complete a joint pretrial submission. I sent several email communications seeking to narrow evidentiary issues and reduce the trial time that might otherwise be devoted to authentication, foundational testimony, and other matters capable of resolution by agreement. Those communications proceeded more slowly than anticipated, and it became evident that the parties would not be in a position to make the required joint submission by the applicable deadline.

Given these circumstances, Plaintiff proceeded with the unilateral filing in an effort to comply with the Court's schedule and to place before the Court a proposed Pretrial Order addressing the matters Plaintiff understood would require resolution before trial. In retrospect, counsel recognizes that the better course would have been to advise the Court expressly that the parties had not yet completed the joint-conferral process, rather than proceeding with a unilateral submission. Counsel apologizes to the Court for that omission and for any inconvenience or confusion the filing may have caused.

The unilateral submission was not intended to suggest any unwillingness to participate in the cooperative process contemplated by the Court's Order and the Federal Rules of Civil Procedure. Plaintiff's objective throughout the pretrial period has been to narrow disputed issues where possible, avoid unnecessary witnesses and foundational testimony, facilitate an efficient presentation of the evidence, and conserve the Court's and jury's time.

Counsel for the parties are now communicating and working collaboratively toward the preparation of joint pretrial submissions. Plaintiff will continue to confer in good faith with defense counsel concerning the Pretrial Order, proposed stipulations, evidentiary issues, and the remaining matters identified by the Court so that, wherever agreement can reasonably be reached, the parties may present consolidated joint submissions.

Thank you for the Court's consideration and attention to this matter.

Respectfully submitted,

Domenic Iamele
Counsel for Plaintiff