IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Maryland)

| | | |
|---|---|---|
| Verna Gregg | * | |
| Plaintiff | * | |
| v. | * | |
| Sergeant Eric Strawderman, et al. | * | |
| Defendants | * | Civil Action No.: 1:23-cv-02270 |

* * * * * * * * * * * *

## CONSOLIDATED PROPOSED VOIR DIRE TO THE JURY PANEL

The parties submit the following consolidated proposed voir dire for the Court's consideration. The questions have been consecutively numbered for ease of reference. Plaintiff's additional requested voir dire is included within the same numbering sequence notwithstanding Defendant's objections, so that each proposed question may be readily identified during jury selection and argument concerning the propriety of the question.

## STATEMENT OF THE CASE

This is a civil case arising from events that occurred at the Baltimore County Detention Center on August 23, 2020.

Philmore Davis was a 63-year-old temporary detainee who entered the Detention Center walking under his own power and without an apparent injury to his right leg. During the intake process, Mr. Davis was handcuffed and, at various times, physically restrained on the floor by correctional officers. Defendant Eric Strawderman, a Baltimore County correctional officer, applied

a maneuver to Mr. Davis's lower extremities that the parties have referred to as a "figure-four" leg restraint or manipulation.

Following the encounter, Mr. Davis was found to have suffered a dislocation of his right knee and a serious injury to the popliteal artery behind the knee. Despite emergency medical treatment, the vascular injury ultimately resulted in the amputation of Mr. Davis's right leg.

Because Mr. Davis is deceased, this case is now being prosecuted by Plaintiff Verna Gregg, Mr. Davis's sister and the Personal Representative of his Estate. She contends that Defendant Strawderman's use of the figure-four leg maneuver was unnecessary and excessive under the circumstances, caused Mr. Davis's injuries, and violated rights protected by federal and Maryland law. Plaintiff also asserts a claim for battery arising from the physical contact.

Defendant Strawderman denies liability and contends that his actions were reasonable and justified under the circumstances.

It will be your responsibility as jurors to determine the facts from the evidence presented, to apply the law as instructed by the Court, and to decide whether Plaintiff has proven her claims and, if so, what damages, if any, should be awarded.

## INTRODUCTORY COMMENTS

I am going to ask you a series of questions. Please understand that these questions are not intended to embarrass you or to pry into your personal affairs. They are solely intended to determine whether you can serve as fair and impartial jurors in this case.

If your answer to any question is "yes," please stand when instructed and begin forming a line so that you may approach the bench and provide an explanation with greater privacy. Please do not state the reason for your answer before approaching the bench. If your answer to a question is "no," you need not do anything. We will assume from your silence that your answer is no.

**PROPOSED VOIR DIRE QUESTIONS**

1. Do you have any knowledge of the events that occurred on August 23, 2020, involving Philmore Davis and Defendant Correctional Officer Eric Strawderman in the inmate-processing area of the Baltimore County Detention Center?

2. The Plaintiff in this case is Verna Gregg, the sister of Philmore Davis and the Personal Representative of his Estate. Do you know Ms. Gregg?

3. Plaintiff is represented by Domenic R. Iamele and Anton L. Iamele of IAMELE & IAMELE, LLP. Do you know any of these attorneys or any member or employee of their law firm?

4. The Defendant in this case is Eric Strawderman. Do you know Defendant Strawderman?

5. Defendant Eric Strawderman is represented by Joseph Allen of the Baltimore County Office of Law. Do you know Mr. Allen or any member or employee of the Baltimore County Office of Law or Baltimore County Government?

6. Do you know, or are you acquainted with, any of the following individuals who may be called as witnesses or whose names may be mentioned during this case:

**Fact Witnesses**

a. Verna Gregg
b. Noel Stevens
c. Eric Strawderman
d. Matthew Swanke
e. Devin McKeiver
f. Christopher Fischer
g. Donald Hawkins
h. Latasha Spencer-Mills
i. Dwight Brisbon
j. Walt James Pesterfield
k. Andrew Chiddick
l. Lisa Citizen
m. Gail Watts

**Expert Witnesses**

a. Patrick F. McManimon

b. Dr. Rajabrata Sarkar, M.D.
c. Dr. Eric Kraut
d. Jeff Eiser

**7.** Do you or any member of your immediate family have any past employment, experience, education, or training involving the handling, evaluation, or investigation of personal-injury or bodily-injury claims, liability claims, or civil lawsuits?

8. Have you or any member of your immediate family attended law school, worked in the legal profession, or otherwise received legal education or training?

9. Have you or any member of your immediate family received training, taken courses, or worked in the medical, nursing, emergency medical, vascular, orthopedic, rehabilitation, or other health-care fields?

10. Have you or anyone close to you ever been employed, trained, or educated in correctional policies or procedures, law enforcement, corrections, criminal justice, administration of justice, security, or a related field?

11. Have you or any member of your immediate family served in the United States Armed Forces, including the National Guard or Reserves? If so, is there anything about that military service or experience—including experience involving command structures, security, law enforcement, restraint, or the use of force—that might affect your ability to be fair and impartial in this case?

12. Have you or any member of your immediate family ever been a plaintiff, defendant, or witness in a lawsuit? If so, is there anything about that experience that might affect your ability to be fair and impartial in this case?

13. Are you or any member of your immediate family presently or formerly employed by Baltimore County, the Baltimore County Department of Corrections, the Baltimore County Police Department, or any other county, municipal, state, or federal governmental agency?

14. Have you, any member of your immediate family, or anyone close to you had an experience with police officers, correctional officers, correctional institutions, or other law-enforcement authorities, whether positive or negative, that might affect your ability to be fair and impartial in this case?

15. Would you tend to give the testimony of a police officer or correctional officer more weight or less weight than the testimony of another witness solely because of that witness's occupation or position?

16. Have you, any member of your immediate family, or a close friend ever filed a lawsuit, complaint, grievance, or other claim against a police officer, correctional officer, correctional institution, or law-enforcement agency? If so, is there anything about that experience that might affect your ability to be fair and impartial?

17. Have you or any member of your immediate family ever had a claim for money damages brought against you, or have you or a member of your immediate family ever brought a claim for money damages against another person, business, agency, or governmental entity?

18. Have you served on a jury during the past ten years? If so, is there anything about your prior jury service that might affect your ability or willingness to serve fairly and impartially in this case?

19. If, after hearing the evidence and following the Court's instructions, you were to find in favor of Plaintiff, is there any reason you would be unable or unwilling to fairly consider an award of compensatory damages in an amount supported by the evidence?

20. Do you know of any other fact, circumstance, experience, belief, or opinion that would make it difficult for you to sit as a fair and impartial juror and render a verdict based solely upon the evidence and the law as instructed by the Court?

21. At the conclusion of the evidence, the Court will give you instructions concerning the law that governs this case. You will be required to follow those instructions even if you personally disagree with a particular rule of law. Is there anyone who would be unable or unwilling to do so?

22. The trial of this case may last up to five (5) business days. During trial, the jury will generally sit from approximately 9:30 a.m. until 5:00 p.m., with a lunch recess and other appropriate breaks. Is there any reason you would be unable to participate in the trial for that period of time?

**PLAINTIFF'S ADDITIONAL REQUESTED VOIR DIRE;**
**OBJECTED TO BY DEFENDANT**

Plaintiff respectfully requests that the Court also propound Questions 23 through 30 below. Defendant objects to these additional questions as duplicative of previous questions, unnecessary, and/or unduly prejudicial.

23. If you were to find from the evidence and the Court's instructions that a correctional officer violated a detainee's legal rights and thereby caused injury, would you have any philosophical, moral, or other objection to awarding fair and reasonable compensation for the injuries proven?

24. In this civil case you must decode issues using a "preponderance of the evidence" analysis, described as proof that something is more likely true than not true. If the Court so instructs you, would you be able and willing to apply the civil preponderance-of-the-evidence standard without requiring Plaintiff to satisfy a higher burden?

25. This lawsuit has been brought by the Personal Representative of a private citizen's estate. Do you hold any belief or opinion that a suit should not be maintained on behalf of an estate or by duly appointed Personal Representative of an estate?

26. Do hold a belief that it is never appropriate for a citizen, detainee, or incarcerated person to challenge or question the conduct of a correctional officer through the courts?

27. Some people believe that because correctional officers perform difficult and important work, their decisions concerning the use of force should not be second-guessed in a civil lawsuit. Does

anyone hold that belief so strongly that it might interfere with your ability to independently determine whether the force used in this particular case was lawful under the standards provided by the Court?

28. Would you have any hesitation or philosophical objection to the principle that monetary damages may be awarded in a civil case when a constitutional right has been violated and compensable injury has resulted, if the Court instructs you that such damages are permitted by law?

29. Do you believe that correctional officers are, because of their occupation or training, generally more skilled or better prepared than other witnesses to testify in court? If so, would that belief cause you to give an officer's testimony greater or lesser weight for that reason alone?

Respectfully submitted,

IAMELE & IAMELE, LLP

______________-s-_____________
Domenic R. Iamele, Federal Bar No. 00878
201 North Charles Street, Suite 1802
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
diamele@iamelelaw.com

_______________-s-_____________
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 700
Baltimore, Maryland 21201
aiamele@iamelelaw.com
Telephone: 410-779-6160
Facsimile: 410-779-6161
*Counsel for Plaintiff Verna Gregg*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this August 31, 2026, a copy of the foregoing was transmitted by way of this Court's electronic filing system and sent by first-class, postage prepaid mail, to the following:

Joseph Allen, Esquire
Baltimore County Office of Law
400 Washington Avenue, Unit 201
Towson, MD 21204

__________-s-___________
Anton L. Iamele